**MATTHEW PAPPAS (SBN: 171860)**
8414 Farm Road, Suite 180
Las Vegas, NV 89131
(714) 576-9200
E-Mail: maspalaw@mpappaslaw.com

Attorney for Plaintiff

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
5/2/2025 12:04 PM
By: Erin Josie , Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA BARBARA

| | |
|---|---|
| KARMA LAMA, an individual, | No.: 25CV02822 |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983; AND BREACH OF CONTRACT** |
| v. | |
| COUNTY OF SANTA BARBARA; SANTA YNEZ BAND OF CHUMASH INDIANS; CHUMASH CASINO RESORT and DOES 1 through 100, inclusive, | *Unlimited Jurisdiction* |
| Defendants. | |

Plaintiff alleges as follows:

## **PARTIES**

1. Plaintiff KARMA LAMA is an individual who is over the age of 18 and resides in Santa Barbara County, California.

2. Defendant COUNTY OF SANTA BARBARA is a government entity.

3. Defendant SANTA YNEZ BAND OF CHUMASH INDIANS ("Tribe") is a government entity.

4. Defendant CHUMASH CASINO RESORT is a business entity based in Santa Ynez, California.

COMPLAINT - 1

5. Although claims were timely filed by plaintiff with the respective government entity defendants named herein, the claims were improperly denied by those government entity defendants.

6. The matters complained of under 42 U.S.C. § 1983 are not subject to government code claim requirements.

7. Plaintiff has not yet ascertained the names or capacities of the DOE defendants alleged in this complaint. Upon learning the names and involvement of the DOE defendants, plaintiff will amend the complaint appropriately.

8. Plaintiff is informed and believes, and based upon such information and belief alleges, that the defendants engaged in a civil conspiracy when planning and agreeing to engage in the wrongful acts alleged in this complaint.

## JURISDICTION AND VENUE

9. All of the actions complained of herein took place in Santa Barbara County, California. The damages sought by plaintiff exceed $100,000.00. Accordingly, jurisdiction in this matter is proper in Santa Barbara Superior Court. This Court has jurisdiction to hear and adjudicate the 42 U.S.C. § 1983 claim brought by plaintiff as well as the breach of contract cause of action brought to enforce the terms of the Tribe's compact with the State of California.

## FACTUAL ALLEGATIONS

10. In May 2023, plaintiff was visiting the Chumash Casino Resort ("Resort") in Santa Ynez, California.

11. While at the Resort, plaintiff was attacked by three (3) men. Plaintiff is informed and believes, and based upon such information and belief alleges, that the men who attacked him were employees, agents or family members of employees or agents of the Resort. The attacks were not provoked and led to serious injuries suffered by plaintiff.

12. Following the attack, Resort employees failed to assist plaintiff and instead detained him. Plaintiff was detained until uniformed Santa Barbara County sheriff

deputies arrived on scene and thereafter arrested plaintiff.

13. False charges were brought against plaintiff. Plaintiff is informed and believes and based upon such information and belief alleges the Santa Barbara County Sheriff's Department as well as the employees, agents, owners and operators of the Resort conspired together to protect the individuals who attacked plaintiff by detaining, arresting and charging plaintiff with crimes he did not commit.

14. Charges brought against plaintiff were later dismissed and Resort appears to be a business. There is NOTHING posted telling people the Resort is <u>not</u> a business or that it is <u>not</u> subject to California and federal law. There is <u>not</u> any indication to people they are subject to the sovereign immunity of the Tribe.

**FIRST CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

**(Against Defendant County of Santa Barbara)**

15. Plaintiff incorporates by reference the allegations made in paragraphs 1 through 14 of this complaint.

16. Plaintiff is informed and believes and based upon such information and belief alleges the County of Santa Barbara and Tribe have an agreement regarding police services at the Resort ("Policing Agreement").

17. Plaintiff is informed and believes and based upon such information and belief alleges that under the Policing Agreement, the policies and practice of the County of Santa Barbara led to the improper violation of plaintiff's state and federal constitutional rights (42 U.S.C. § 1983). The improper actions of the County are a result of its policies and procedures that were then and continue to be implemented by its law enforcement officers.

18. The false arrest, detention and charging of plaintiff by the defendants violated his right to procedural due process protected by both the state and federal constitutions.

19. The false arrest, detention and charging of plaintiff by the defendants

violated his right to be free from cruel and unusual punishment protected by both the state and federal constitutions.

20. The false arrest, detention and charging of plaintiff by the defendants violated his right to a jury trial prior to being subject to punishment protected by both the state and federal constitutions.

21. The false arrest, detention and charging of plaintiff by the defendants violated his right to substantive due process protected by both the state and federal constitutions.

22. The aforementioned violations cause plaintiff damages in an amount to be proven at time of trial.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
### (Against Defendant Santa Ynez Band of Chumash Indians and Resort)

23. Plaintiff incorporates by reference the allegations made in paragraphs 1 through 14 of this complaint.

24. The State of California and Tribe entered into an agreement in 1999. The agreement (the "Compact") was amended on August 26, 2015.

25. Under the terms of the Compact, the Tribe is to apply California law to tort claims. Under the Compact, the Tribe waived sovereign immunity in respect to all of the subject matter and incidents at issue in this case.

26. The purpose of the Compact is specifically to protect citizens of California. Plaintiff is a citizen of California and is entitled to the protections provided for him under the Compact. Plaintiff is informed and believes and based upon such information and belief alleges that political forces in California and contributions made by the Tribe to political parties and politicians have fostered and environment where the state has failed to enforce the terms of the Compact.

27. Plaintiff brings this claim individually and under the provisions of the Private Attorney General law of California.

28. The Tribe has implemented mechanisms that are not in conformance with California law in an effort to thwart the ability of plaintiff and other similarly situated individuals to seek redress and compensation for injuries they have suffered that are the fault of Tribe. These mechanisms include but are not limited to a 180-claim period, hiding of its laws so that people cannot find them easily, and other actions that have harmed plaintiff.

29. Tribe has breached the terms of the Compact and its breach has and continues to be the legal cause of harm and damages suffered by plaintiff.

### THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendant Santa Ynez Band of Chumash Indians and Resort)

30. Plaintiff incorporates by reference the allegations made in paragraphs 1 through 14 and paragraphs 24 through 29 of this complaint.

31. The aforementioned actions of Tribe and Resort were intentional. Tribe and Resort knew that their actions were taken to protect the individuals who attacked and harmed plaintiff.

32. Plaintiff is informed and believes and based upon such information and belief alleges that Tribe and Resort have implemented policies designed to discriminate against individuals who are <u>not</u> members of the Tribe and to prefer members and friends of members of the Tribe to the point of taking outrageous and calculated actions that Tribe and Resort knew would cause severe emotional distress.

33. As a result of the actions complained of herein, plaintiff has and continues to suffer severe emotional distress damages in an amount to be proven at time of trial.

### FOURTH CAUSE OF ACTION
### FALSE IMPRISONMENT
### (Against Defendant Santa Ynez Band of Chumash Indians and Resort)

34. Plaintiff incorporates by reference the allegations made in paragraphs 1 through 14 and paragraphs 24 through 29 of this complaint.

35. Without cause or basis and in an effort to harm plaintiff, the defendants falsely imprisoned plaintiff without legal basis or privilege to do so. Defendants thereafter, through their agreement with defendant County of Santa Barbara, further improperly detained and imprisoned plaintiff.

36. The actions of the defendants have caused plaintiff damages in an amount to be proven at time of trial.

**PRAYER FOR RELIEF**

A. Plaintiff prays for special and general damages in amounts to be proven at time of trial;

B. Plaintiff prays for reasonable attorney fees under statutory provisions of California law including but not limited to the Private Attorney General statute.

C. Plaintiff prays for costs of suit; and

D. Plaintiff prays for any further relief the Court deems appropriate.

DATED: May 1, 2025

MATTHEW PAPPAS
Attorney for Plaintiff

COMPLAINT - 6